# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MICHAEL P. MARONEY,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DA-0752-15-0594-I-2 |
| v. | |
| DEPARTMENT OF THE AIR FORCE,<br>　　　　　　Agency. | DATE: August 4, 2022 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Lorenzo W. Tijerina</u>, Esquire, San Antonio, Texas, for the appellant.

<u>Anna E. Virdell</u>, <u>James T. Hedgepeth</u>, and <u>Charles R. Vaith</u>, Esquire, Joint Base San Antonio, Randolph, Texas, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

The agency has filed a petition for review of the initial decision, which reversed the appellant's removal. For the reasons discussed below, we GRANT the agency's petition for review, REVERSE the initial decision, and REMAND

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2    The appellant served as a GS-11 Training Instructor (Pararescue), a position with strenuous physical requirements. *Maroney v. Department of the Air Force*, MSPB Docket No. DA-07523-15-0594-I-1, Initial Appeal File (IAF), Tab 5, Subtabs 4I, 4N. Following an agency-ordered examination, which found that he was medically unfit for duty, *id.*, Subtab 4O, the agency proposed and effected his removal for medical inability to perform the essential duties of his position. *Id.*, Subtabs 4A-4B, 4D. On appeal, the appellant argued that, in taking the action, the agency discriminated against him based on his disability by denying him reasonable accommodation. IAF, Tab 1 at 6, Tab 7. He requested a hearing, IAF, Tab 1 at 2, which the administrative judge duly scheduled, IAF, Tab 5. But, during adjudication, both parties requested a postponement of the hearing. IAF, Tabs 6-7. The administrative judge granted the joint motion, dismissing the appeal without prejudice to its being automatically refiled after 60 days and setting a new hearing date. IAF, Tab 9; *Maroney v. Department of the Air Force*, MSPB Docket No. DA-0752-15-0594-I-1, Initial Decision at 1-2 (Oct. 16, 2015). Adjudication resumed as provided. *Maroney v. Department of the Air Force*, MSPB Docket No. DA-0752-15-0594-I-2, Appeal File (I-2 AF), Tab 1.

¶3    During this time, the appellant added retaliation for engaging in equal employment opportunity activity as an affirmative defense. I-2 AF, Tab 9. He clarified an earlier allegation of harmful procedural error, claiming that the agency failed to provide him an opportunity to orally reply to the notice of proposed removal, and he also described this error as a violation of his due process rights. I-2 AF, Tab 16 at 18. During a subsequent status conference, the appellant withdrew his request for a hearing, opting instead for a decision on the written record, I-2 AF, Tab 22, and he also withdrew his affirmative defenses.

I-2 AF, Tab 23.  The administrative judge issued a close of record notice, *id.*, and both parties made additional submissions, I-2 AF, Tabs 24-29.

¶4        Thereafter, the administrative judge issued an initial decision in which, without reaching the merits of the removal action, she found that the agency violated the appellant's due process rights by not affording him a right to respond orally to the proposed action.  I-2 AF, Tab 30, Initial Decision (ID) at 4-6.  Specifically, the administrative judge found that, when the appellant submitted his written reply, he asked to make an oral reply but that the agency did not schedule one and later issued the letter of decision.  ID at 4-6.  As such, the administrative judge reversed the agency's action, stating that the appellant was entitled to a new constitutionally correct removal procedure.  ID at 6.  The administrative judge ordered the agency to provide the appellant interim relief if either party filed a petition for review.  ID at 7.

¶5        The agency has filed a petition for review, Petition for Review (PFR) File, Tab 1, challenging the initial decision, *id.* at 9-17, and providing evidence on the issue of interim relief, *id.* at 18.  The agency has supplemented its petition for review by providing further evidence of interim relief.  PFR File, Tab 3.  The appellant has responded to the agency's petition, PFR File, Tab 4, and has challenged the agency's showing of interim relief, seeking dismissal of its petition for review for failure to comply with the administrative judge's order, PFR File, Tab 5.

**ANALYSIS**

<u>The Board declines to dismiss the agency's petition for review for failure to comply with the administrative judge's interim relief order.</u>

¶6        In his motion to dismiss, the appellant claims that the agency has failed to pay him pursuant to the initial decision and also has failed to reinstate him to his former position, instead placing him on administrative leave pending the Board's final decision.  PFR File, Tab 5 at 7, 14.

¶7    When, as here, the appellant is the prevailing party in an initial decision that grants interim relief, any petition or cross petition for review must be accompanied by a certification that the agency has complied with the interim relief order either by providing the required interim relief or by satisfying the requirements of 5 U.S.C. § 7701(b)(2)(A)(ii) and (B).  In an appeal from an adverse action that was reversed, the agency's evidence must show, at a minimum, that it has appointed the appellant to a position carrying the appropriate title, grade, and rate of pay, effective the date of the initial decision. *Moore v. U.S. Postal Service*, 78 M.S.P.R. 80, 83 (1998).  An agency need not physically return the employee to his place of employment pending the outcome of the petition for review if it determines that doing so would be unduly disruptive to the work environment.

¶8    Regarding the appellant's claim that he has not been timely paid, the agency is required only to take appropriate administrative action by the deadline for filing the petition for review that will result in the issuance of a paycheck for the interim relief period and is not required to have paid the appellant by the filing deadline.  *Tisdell v. Department of the Air Force*, 94 M.S.P.R. 44, ¶ 8 (2003).  Here, with its October 4, 2016 petition for review, the agency submitted a September 19, 2016 memorandum from the Training Advisor of the appellant's Training Group to the effect that the agency had placed him in pay status, effective September 2, 2016, the date of the initial decision.  PFR File, Tab 1 at 18.  The agency also submitted a Standard Form 52, Request for Personnel Action, indicating that the request to initiate action returning the appellant to his position of record, effective that same date, was made on October 6, 2016, just 2 days after the agency filed its petition for review.  PFR File, Tab 3 at 5-6.  Although the appellant asserts that on November 10, 2016, he phoned the agency to explain that he had still not been paid, he submitted a copy of a November 16, 2016 email from the agency representative to his representative explaining that a "remedy ticket" would be submitted to the Defense Finance and Accounting

Service (DFAS) to determine the problem with the appellant's pay, that the proper paperwork had been timely submitted to DFAS for payment, and that the appellant's representative should let her know if he had any questions. PFR File, Tab 5 at 13. The appellant has not submitted any evidence or argument suggesting that the payment matter has not been satisfactorily resolved. Even if he did not receive all of the payment he was due by the time the agency filed its petition for review, reasonable, inadvertent delays in issuing pay under an interim relief order do not demonstrate noncompliance with an interim relief order sufficient to support dismissing the agency's petition for review. *Archerda v. Department of Defense*, 121 M.S.P.R. 314, ¶ 13 (2014); *cf. Bradstreet v. Department of the Navy*, 83 M.S.P.R. 288, ¶¶ 11-13 (1999) (dismissing an agency's petition for review based on its 8-month delay in providing the appellant with pay required by an interim relief order).

¶9      Regarding the appellant's challenge to his placement on administrative leave, the September 19, 2016 memorandum the agency submitted with its petition for review explained that, in accordance with the administrative judge's interim relief order, the appellant was being placed on administrative leave, in pay status, effective the date of the initial decision. PFR File, Tab 1 at 18. The agency's action placing the appellant on administrative leave does not, in and of itself, reflect a failure on its part to comply with interim relief. *See, e.g.*, *Archerda*, 121 M.S.P.R. 314, ¶ 12. However, such placement, without an accompanying certification from the agency that the appellant's return to work would be "unduly disruptive to the work environment," would fail to evidence the agency's compliance with the administrative judge's interim relief order. *Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 7 (2014). The agency has not presented any evidence that it informed the appellant that his return to work would be unduly disruptive; rather, as noted, the agency's evidence only shows that it explained to the appellant the steps it had taken to place him on paid administrative leave. PFR File, Tab 1 at 18.

¶10     If an agency fails to establish its compliance with an interim relief order, the Board has the discretion to dismiss its petition for review, but it need not do so. *Kolenc v. Department of Health & Human Services*, 120 M.S.P.R. 101, ¶ 11 (2013). Here, based on the evidence submitted by the agency, we find that it substantially complied with the administrative judge's interim relief order. It could not reasonably have returned the appellant to his Training Instructor (Pararescue) position because, as noted, he was found to be medically unable to perform those duties. *Archerda*, 121 M.S.P.R. 314, ¶ 12 n.2; IAF, Tab 4, Subtab 4O. Under the circumstances, therefore, we exercise our discretion not to dismiss the agency's petition for review as argued by the appellant. *Omites v. U.S. Postal Service*, 87 M.S.P.R. 223, ¶¶ 7-8 (2000).

The appellant has not established that the agency violated his due process rights.

¶11     In finding that the agency violated the appellant's due process rights and that he was therefore entitled to a new removal proceeding, the administrative judge cited and based her decision on the Supreme Court's decision in *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985), and two Board cases, *Massey v. Department of the Army*, 120 M.S.P.R. 226, ¶¶ 6-7 (2013), and *Alford v. Department of Defense*, 118 M.S.P.R. 556, ¶¶ 6-7 (2012), both of which relied on *Loudermill* to reverse employees' removals when they were denied the right to reply to the deciding official regarding the actions proposed against them. ID at 4-6. The administrative judge stated that an employee cannot be said to have had a meaningful opportunity to present his side of the story and invoke the deciding official's discretion if the deciding official did not hear the appellant's oral reply to the proposal notice. The administrative judge found that, in the appellant's written reply to the notice of proposed removal, he requested the opportunity to reply orally and that, because the agency failed to afford him an oral reply, it therefore violated his due process rights. ID at 6.

¶12     On review, the agency argues that the appellant, in fact, received all the due process to which he was entitled under *Loudermill* and that the Board cases upon

which the administrative judge relied to reverse the agency's action do not support a contrary conclusion. PFR File, Tab 1 at 10-14. We agree.

¶13    In *Loudermill*, the Supreme Court clarified that, if a tenured public employee is entitled to a full post-decisional hearing, such as a hearing before the Board, a pre-decisional trial-type hearing is not required and fundamental due process requirements under the Constitution are satisfied if the employee has a pre-decisional opportunity to present, either in person or in writing, reasons why the proposed action should not be taken. *Loudermill*, 470 U.S. at 546. In other words, the employee is entitled to notice of the charges against him, an explanation of the employer's evidence, "and an opportunity to present his side of the story." *Id.* Here, the appellant submitted a substantive written reply to the proposal notice in which he explained why he believed the agency's action was unwarranted and included a number of positions he felt he could perform, despite his physical limitations. IAF, Tab 4, Subtab 4C. Moreover, the deciding official considered all facets of the appellant's written response. *Id.*, Subtab 4B. The appellant not only had the opportunity to, but in fact did, in his written reply, "present his side of the story" regarding the agency's allegations in support of his removal. *White v. Department of Veterans Affairs*, 120 M.S.P.R. 405, ¶¶ 16-20 (2013); *Spentzakis v. Department of the Army*, MSPB Docket No. DE-0752-12-0126-I-1, Final Order at 4 (Nov. 20, 2013). Therefore, even if the appellant requested an oral reply but was denied one, the agency did not violate his right to minimum due process under the Constitution, and the administrative judge's contrary finding was in error.[2] *Loudermill*, 470 U.S. at 546; *cf. Hodges v. U.S.*

---

[2] In *Alford*, the Board reversed the appellant's removal based on the agency's violating his right to minimum due process when, not having submitted a written reply, he timely requested an oral reply but the agency failed to wait a reasonable time for its delivery, instead issuing its decision, thereby denying him a meaningful opportunity to present his side of the story and invoke the deciding official's discretion. *Alford*, 118 M.S.P.R. 556, ¶¶ 5-7. Similarly, in *Massey*, the Board reversed the appellant's removal based on the agency's violating his right to minimum due process when, not having submitted a written reply, his representative requested an oral reply on the last day provided for

*Postal Service*, [118 M.S.P.R. 591](), ¶ 6 (2012) (reversing the appellant's reduction in grade based on the agency's denying his due process rights upon finding that he did not have a meaningful opportunity to present his side of the story and to invoke the deciding official's discretion when the deciding official did not provide for an oral response and did not read the appellant's written response to the proposal notice before issuing his decision).

<u>The appellant did not establish that the agency committed harmful procedural error regarding his right to reply.</u>

¶14        Although the agency's conduct did not constitute a constitutional violation, we still must decide consider whether the agency violated the appellant's rights under [5 U.S.C. § 7513](b)(2) and [5 C.F.R. § 752.404](c)(1) to respond to the proposal notice both orally and in writing. Here, we agree with the administrative judge that the appellant requested to make an oral reply when, at the conclusion of his written reply, he asked that his response "receive full disclosure to the 37th Training Wing Commanders" and that he be afforded "the ability to respond verbally." ID at 3-5; IAF, Tab 4, Subtab 4C at 2. The administrative judge considered, but rejected, the agency's claim that the brief conversation the appellant had with the deciding official when he submitted his written reply constituted an oral reply. She found that the deciding official failed to mention any such reply in her decision letter, that the agency failed to make a summary of the conversation and furnish it to the Board as required by [5 U.S.C. § 7513](e) and [5 C.F.R. § 752.406](c), and that the agency did not argue that the appellant had given an oral reply at that time until it made its final submission on the date the record closed below. ID at 5-6. The agency has not shown error in these well-supported findings, and we therefore agree that the appellant requested to

such, but the deciding official did not respond, instead issuing a decision letter. *Massey*, [120 M.S.P.R. 226](), ¶¶ 8-10. In both of these cases, unlike the instant case, the appellants were denied minimum due process under the Constitution when the deciding officials issued decisions in their cases without having considered either their written or oral replies.

make an oral reply, that the deciding official did not convene one, and that her failure to do so constituted procedural error in violation of 5 U.S.C. § 7513(b)(2) and 5 C.F.R. § 752.404(c)(1).

¶15    The Board's harmful error standard applies in the review of an agency's failure to comply with a statutory procedure provided in 5 U.S.C. § 7513.  *See Baracco v. Department of Transportation*, 15 M.S.P.R. 112, 119-23 (1983), *aff'd sub nom. Adams v. Department of Transportation*, 735 F.2d 488 (Fed. Cir. 1984); *see also Rawls v. U.S. Postal Service*, 94 M.S.P.R. 614, ¶ 23 (2003); *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 685 (1991).  Reversing an action for harmful error is warranted when the procedural error, whether regulatory or statutory, likely had a harmful effect upon the outcome of the case before the agency.  *Stephen*, 47 M.S.P.R. at 681.  Harmful error cannot be presumed, and the burden of showing harmful error lies with the appellant.  *Stephen*, 47 M.S.P.R. at 685; *see* 5 U.S.C. § 7701(c)(2)(A); 5 C.F.R. § 1201.56(c)(1).  To show harmful error, an appellant must prove that any procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error.  5 C.F.R. § 1201.4(r).

¶16    The appellant has not shown, or even argued in his response to the agency's petition for review, that he suffered any harm by not having an opportunity to reply orally to the proposal notice.  PFR File, Tab 3 at 5-7.  Nor did he argue or show harmful error below.  I-2 AF, Tab 16 at 18-21, Tab 19 at 4-6, Tab 22 at 7-8, Tab 26 at 8-9.  As noted, he submitted a substantive written reply in which he explained why he believed the agency's action was unwarranted and included a number of positions he felt he could perform, despite his physical limitations, IAF, Tab 4, Subtab 4C, and the deciding official considered all aspects of that reply, *id.*, Subtab 4B.  In the absence of a showing by the appellant that, if he had been afforded an oral reply, the agency would likely have reached a different conclusion regarding his removal, he has not shown harmful procedural error, and the administrative judge erred in reversing the agency's action.

**ORDER**

¶17     For the reasons discussed above, we reverse the administrative judge's decision to reverse the removal and remand this case to the regional office for adjudication on the merits of the agency's action. Because it appears that the appellant withdrew his request for a hearing and his affirmative defenses based on the administrative judge's advising the parties at the prehearing conference that "it is undisputed" that the appellant was not afforded an oral reply and her encouraging them to review the Board's decisions in *Massey* and *Alford*, both denial of minimum due process cases under the Constitution, I-2 AF, Tabs 22, 23, the administrative judge shall, on remand, allow the appellant to renew his request for a hearing and to reinstitute his affirmative defenses if that is what he wishes to do.


FOR THE BOARD:                        /s/ for
                                      ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.